IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv79

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation; and DENISE PAYNE, individually, <br><br> Plaintiffs, <br><br> v. <br><br> BHUNA CORPORATION, a North Carolina Corporation, <br><br> Defendant. | MEMORANDUM AND RECOMMENDATION |

Pending before the Court is Defendant's Motion to Dismiss [# 11]. Plaintiffs brought this action against Defendant alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). This is one of numerous actions Plaintiffs have brought under the ADA over the last two years in North Carolina federal courts. Defendant moves to dismiss the Complaint for lack of standing. The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 11].

**I.    Background**

Plaintiff Denise Payne is a resident of Florida. (Pl.'s Aff. ¶ 2, Aug. 5,

2011.)  She suffers from cerebral palsy and uses a wheelchair to move around.  (Pl.'s Compl. ¶ 5.)  Plaintiff National Alliance for Accessibility, Inc. ("National Alliance") is a Florida non-profit corporation whose purpose "is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities."  (Id. ¶¶ 1, 6.)

Defendant Bhuna Corporation is a North Carolina Corporation that owns or operates a Quality Inn in Asheville, North Carolina.  (Id. ¶¶ 2, 7.)

Plaintiff Payne alleges that she previously visited Defendant's Quality Inn and encountered architectural barriers on the property that discriminated against her on the basis of her disability.  (Id. ¶ 5.)  Specifically, she contends that the Quality Inn is a place of public accommodation under the ADA, and that the property fails to comply with a number of the Americans with Disabilities Act Accessibility Standards.  (Id. ¶¶ 7, 10.)  Plaintiff Payne also alleges that she intends to return to Asheville sometime in 2011 and will stay at the Quality Inn if the barriers to access are corrected.  (Id. ¶ 5.)  She intends to stay at the Quality Inn in order to "avail herself of the goods and services available at the property" and to "assure herself that this property is in compliance with the ADA . . . ."  (Id. ¶ 8.)

Plaintiff Payne planned on returning to North Carolina on October 19-21, 2011. (Pl.'s Aff. ¶ 11, Aug. 5, 2011.) On February 21, 2011, Plaintiff Payne made a reservation to stay at the Quality Inn for the night of October 21, 2011. (Ex. A to Pl.'s Aff., Aug. 5, 2011.) The night before, she planned on staying at the Hampton Inn, whose owner she sued pursuant to the ADA the same day as Defendant Bhuna. (Pl.'s Aff. Aug. 25, 2011.) Subsequently, Plaintiff Payne canceled both reservations. (Durden Aff., Oct. 25, 2011; Ex. A to Def.'s Supplemental Mem.)

## II.  Legal Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). A defendant's challenge to a plaintiff's standing to assert a claim is properly considered pursuant to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. See White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005). In ruling on a motion to dismiss under Rule 12(b)(1), the Court may consider evidence outside the pleadings without converting a defendant's motion to one for summary judgment. Id.; Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). Ultimately, the burden of proof is on the plaintiff to demonstrate that the Court has subject-matter jurisdiction over a dispute. Adams v.

Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

### III.  Analysis

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. Doe v. Obama, 631 F.3d 157, 160 (4th Cir. 2011); Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 629 F.3d 387, 396 (4th Cir. 2011). The doctrine of "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). "This requirement ensures that a plaintiff has a personal stake in the outcome of a dispute, and that judicial resolution of the dispute is appropriate." Gaston Copper, 629 F.3d at 396. In order to satisfy the constitutional requirements for standing, a plaintiff must demonstrate:

> 1) he or she suffered an "injury in fact" that is concrete and particularized, and is actual or imminent; 2) the injury is fairly traceable to the challenged action of the defendant; and 3) the injury likely will be redressed by a favorable decision.

Id.; see also Lujan, 504 U.S. at 560-61, 112 S. Ct. at 2136.[1]

In certain circumstances, an organization may also have standing to assert claims on behalf of its members. Gaston Copper, 629 F.3d at 396-97. As the

---

[1] In addition to these constitutional requirements, a plaintiff must satisfy any statutory requirements for standing applicable to the specific claims the plaintiff asserts. Gaston Copper, 629 F.3d at 396.

United States Supreme Court has explained:

> An association has standing to bring suit on behalf of its members when its members would have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires individual members' participation in the lawsuit.

Friends of the Earth, Inc. v. Laidlaw Env't Servs., 528 U.S. 167, 169, 120 S. Ct. 693, 697 (2000). Accordingly, an organization such as Plaintiff National Alliance must demonstrate that one of its members would have standing to assert the claims in the member's own right. Gaston Copper, 629 F.3d at 397. Finally, the party claiming that the Court has jurisdiction over a dispute has the burden of establishing standing. Mirant Potomac River, LLC v. United States Environmental Protection Agency, 577 F.3d 223, 226 (4th Cir. 2009).

In the context of an action seeking injunctive relief pursuant to the ADA, a plaintiff can only satisfy the injury-in-fact element of standing where the plaintiff alleges facts "giving rise to an inference that he will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 948 (9th Cir. 2011); Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2nd Cir. 2008); Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 561 (3rd Cir. 2002); Clark v. Buger King Corp., 255 F. Supp. 2d 334, 342-43 (D.N.J. 2003); Small v. Gen. Nutritional

Cos., Inc., 388 F. Supp. 2d 83, 87 (E.D.N.Y. 2005). A plaintiff satisfies this standard by showing that she previously encountered architectural barriers at a location and intends to return to that location in the future. Access 4 All, Inc. v. Trump Int'l Hotel and Tower Condo., 458 F. Supp. 2d 160, 167-68 (S.D.N.Y. 2006) (holding that plaintiff must show a plausible intent or desire to return to the location where she initially encountered the discrimination but for the barriers); Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 946 (C.D. Cal. 2005). "Intent to return to the place of injury 'some day' is insufficient." Small, 388 F. Supp. 2d at 87; see also Lujan, 504 U.S. at 564, 112 S. Ct. at 2138; Steger v. Franco, Inc., 228 F.3d 889, 893 (8th Cir. 2000); Access 4 All, 458 F. Supp. 2d at 168.

Plaintiff Payne has not met her burden of demonstrating that she has standing to assert the ADA claims against Defendant because she fails to demonstrate a plausible intent or desire to return to the Quality Inn in the future, or that she would do so were it not for the architectural barriers. As this Court and other federal courts in North Carolina have previously stated, Plaintiff Payne lives over seven hundred miles away in Florida. See National Alliance for Accessibility, Inc. v. Horne-River Ridge II, LP, No. 1:10cv286, 2011 WL 1103791, at *3 (W.D.N.C. Mar. 3, 2011) (Howell, Mag. J.) (dismissing ADA suit

by Plaintiff Payne for lack of standing); Access for the Disabled, Inc. v. Karan Krishna, Inc., No. 5:10cv123, 2011 WL 846854, at *4 (E.D.N.C. Mar. 8, 2011) (dismissing ADA suit by Plaintiff Payne for lack of standing); National Alliance for Accessibility, Inc. v. Waffle House, Inc., No. 5:10cv375, 2011 WL 2580679, at *2 (E.D.N.C. Jun. 29, 2011) (dismissing ADA suit by Plaintiff Payne for lack of standing). There are no allegations in the Complaint that Plaintiff Payne regularly visits Asheville. Although Plaintiff Payne's affidavit references trips to Raleigh and North Carolina in general, she mentions only a single trip to Asheville that took place in October 2010. (Pl.'s Aff. ¶ 9, Aug. 5, 2011.) Moreover, Plaintiff Payne does not alleges that she has ever visited the Quality Inn at issue other than on the single occasion in 2010 that forms the basis of this Complaint.

The conclusory allegations in the Complaint that Plaintiff Payne plans to return to Asheville sometime in 2011 and plans on staying at the Quality Inn if the barriers are corrected are insufficient to satisfy the constitutional requirements of standing. See Lujan, 504 U.S. at 564, 112 S. Ct. at 2138 ("Such 'some day' intentions-without any description of concrete plans, or indeed even any specification of when the some day will be-do not support a finding of the 'actual or imminent' injury that our cases require."); see also Small, 388 F. Supp. 2d at 87; Steger, 228 F.3d at 893.

In response to Defendant's Motion to Dismiss, however, Plaintiff Payne submitted an affidavit stating that she intends to visit Asheville on October 19-21, 2011, and that she has a reservation for one night at the Quality Inn.[2] (Pl.'s Aff. ¶ 11, Aug. 5, 2011.) As a threshold matter, Plaintiff Payne has canceled her reservations at the Quality Inn and the other hotel where she intended to stay in Asheville, and Plaintiff Payne has not presented the Court with any evidence that she actually traveled to Asheville as she declared she would do in her Affidavit. (Durden Aff., Oct. 25, 2011; Ex. A to Def.'s Supplemental Mem.) As the United States District Court for the Eastern District of North Carolina recently held:

> It is implausible that Payne, a Florida resident who travels approximately once or twice a year to [North Carolina], plans to return to each of the thirty-two (32) properties in North Carolina she has sued for noncompliance with the ADA.

Waffle House, 2011 WL 2580679, at *3. The Court reaches the same conclusion as the Eastern District of North Carolina in Waffle House - it is implausible that Plaintiff Payne plans to return to Asheville and stay at the Quality Inn. In fact, the only plausible reason she would do so would be to fabricate standing in this case.

Plaintiff Payne may not artificially create standing in an ADA action by referencing a single, planned trip to a city over 700 miles from her home in the

---

[2] Rather than include these specific factual allegations in the Complaint, the Complaint contains virtually identical factual allegations as the numerous other complaints Plaintiffs have filed against other hotels, restaurants, and businesses in North Carolina.

-8-

Complaint, making reservations for one night at each hotel she brings ADA claims against, and then cancel the reservations as the time approaches for taking the trip. Such manufactured lawsuits are, at best, disingenuous and undermine the genuine and important purpose of the ADA to remedy discrimination against individuals with disabilities, and, at worst, violate Rule 11 if counsel knew at the time she signed the pleadings that Plaintiff Payne would cancel the future reservation or had no actual intention to return to Asheville and stay at the hotels in question. See Molski v. Mandarin Touch Rest., 347 F. Supp. 2d 860, 863 (C.D. Cal. 2004); Steven Brother v. Tiger Partner, LLC, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004); Fed. R. Civ. P. 11(b).

Finally, Plaintiff Payne's situation is not like that of the plaintiff in Trump Int'l Hotel where the plaintiff had a plausible intention to return to the specific property at issue. The Trump International Hotel and Tower Condominium ("Trump Tower") in Trump Int'l Hotel was located in New York City. Trump Int'l Hotel, 458 F. Supp. 2d at 163. The plaintiff once lived in New Jersey, had visited New York City over 15 times during the prior three years, and stated in his affidavit that he had three additional trips planned to New York. Id. at 168. The plaintiff maintained personal and family connections in New Jersey and New York City and conducted business in New York City. Id. In addition, plaintiff had

previously visited Trump Tower on more than one occasion, and he stated that he wanted to return in order to visit the shops and eat at Jean Georges restaurant. Id.

The factual situation in Trump Int'l Hotel is a far cry from the conclusory statements of Plaintiff Payne of her intent to return to Asheville - a city she alleges she previously visited on one prior occasion in 2010 - to stay at a generic Quality Inn. As courts have found under similar circumstances as the present case, an individual such as Plaintiff Payne lacks standing to bring a claim under the ADA. Harty v. 42 Hotel Raleigh, LLC, No. 5:10cv60, 2011 WL 1252877 (E.D.N.C. Mar. 30, 2011) (holding that plaintiff lacked standing to bring claim under the ADA against the owner of a Hampton Inn); Tiger Partner, 331 F. Supp. 2d at 1373-74 (holding that plaintiff lacked standing to bring claim under the ADA against the Best Western Deltona Inn); Rosenkrantz v. Markopoulos, 254 F. Supp. 2d 1250, 1253 (M.D. Fla. 2003) (holding that plaintiff lacked standing to bring claim under the ADA against the owner of a motel in Florida). Accordingly, the Court finds that Plaintiff Payne has not satisfied her burden of showing an actual or imminent injury sufficient to satisfy the injury-in-fact requirement of standing and, therefore, lacks standing to assert a claim under the ADA.

Like Plaintiff Payne, Plaintiff National Alliance also lacks standing to assert an ADA claim on behalf of its members. In order to have standing, National

Alliance must demonstrate that one of its members has standing to asset claims against Defendant. See Gaston Copper, 629 F.3d at 397. Plaintiff Payne is the only member of National Alliance that the Complaint alleges visited the Quality Inn; the Complaint lacks any factual allegations concerning any other member of National Alliance. As discussed above, Plaintiff Payne lacks standing to assert ADA claims against Defendant. Because Plaintiff National Alliance has not shown that one of its members has standing to assert ADA claims on his or her own behalf, it lacks standing to assert claims against Defendant on behalf of its members. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 11].

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 11] and **DISMISS** this action because Plaintiffs lack standing to assert ADA claims against Defendant.

Signed: December 9, 2011

_Dennis E. Howell_

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written

objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).